UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHANNON SHERELL PHILLIPS,<br>Plaintiff,<br><br>v.<br><br>BROWNSTOWN CHARTER TOWNSHIP, OFFICER GAGE McPARLAND, in his individual capacity, OFFICER AGUSTIN AGUILAR, in his individual capacity,<br>Defendants.<br>/ | Case No.: 2:26-cv-12124<br><br>Hon. Terrence G. Berg<br>Mag. Kimberly G. Altman |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER LIMITING SCOPE OF MEDICAL RECORDS PRODUCTION**

NOW COMES Plaintiff Shannon Sherell Phillips, pro se, and respectfully moves this Court for a Protective Order pursuant to Federal Rule of Civil Procedure 26(c) to limit the scope of production of Plaintiff's medical and mental health records. In support, Plaintiff states as follows:

This is a civil rights action arising from an incident on April 29, 2026, at the Brownstown Police Department during which Defendants McParland and Aguilar used excessive force against Plaintiff during a fingerprinting procedure. Plaintiff seeks damages for physical injuries, emotional distress, PTSD, and depression.

Plaintiff has placed at issue only those injuries sustained as a direct result of the April 29, 2026 incident and the subsequent medical treatment for those specific injuries. Plaintiff has not placed her entire medical history at issue.

Under Federal Rule of Civil Procedure 26(b)(1), discovery must be "relevant to any party's claim or defense and proportional to the needs of the case." A sweeping request for Plaintiff's complete medical history predating April 29, 2026 is neither relevant nor proportional.

In *Duncan v. Cleland*, No. 19-CV-95-SMY, 2021 WL 1565985 (S.D. Ill. Apr. 21, 2021), the court acknowledged that medical care and treatment before the date of the alleged incident is "per se irrelevant" and that "the only relevant medical records are those directly related to the event at issue." Medical records covering unrelated treatment and time periods predating the incident are not discoverable.

Similarly, in *Ardoin v. CCC Association, Inc.*, No. 20-2989, 2021 WL 1326871 (E.D. La. Apr. 9, 2021), the court limited the scope of medical record discovery to the "start date of the non-party's diagnosis of his disability at issue," excluding unrelated or pre-diagnosis care.

Plaintiff acknowledges that certain medical records are relevant and discoverable, specifically limited to:

1. Emergency room treatment at St. Joseph Mercy Hospital on April 29, 2026, for injuries sustained during the incident;
2. Follow-up appointment on May 19, 2026, resulting in diagnoses of Post-Traumatic Stress Disorder (PTSD) and depression related to the incident;
3. Social work/therapy appointment on June 5, 2026, for treatment related to the incident;
4. Physical therapy initiated on June 12, 2026, for injuries sustained in the incident; and
5. Any subsequent treatment directly related to the April 29, 2026 incident.

Medical records predating April 29, 2026, and any records unrelated to the injuries and conditions caused by the April 29, 2026 incident, are irrelevant, not proportional to the needs of the case, and their disclosure would violate Plaintiff's privacy rights.

The Joint Rule 26(f) Plan and Status Report filed August 31, 2026, at Section 6(f), states: "Plaintiff requests a protective order regarding medical and mental health records to ensure they remain confidential and are only used for purposes of this litigation."

Contemporaneously with this Motion, Plaintiff submits a Proposed HIPAA-Qualified Protective Order to ensure that any produced medical information is used solely for purposes of this litigation and is not disclosed to any third parties. In *Thomas v. 1156729 Ontario Inc.*, 979 F.

Supp. 2d 780 (E.D. Mich. 2013), the Eastern District of Michigan outlined the requirements for HIPAA-qualified protective orders, including that the order must prohibit disclosure of protected information outside the scope of litigation and require return or destruction of protected information at the conclusion of the case.

In *Holman v. Rasak*, 486 Mich. 429, 785 N.W.2d 98 (2010), the Michigan Supreme Court confirmed that a "qualified protective order" under 45 C.F.R. § 164.512(e)(1)(v) must prohibit use of protected health information outside the litigation and require return or destruction of the information at the end of the proceeding.

In *Schuh v. Clayton* (E.D. Mich. Oct. 20, 2021), a Magistrate Judge in this district granted a motion for a HIPAA-qualified protective order, finding the defendant was entitled to such an order where the plaintiff had placed his medical condition at issue.

More recently, in *Tripp v. United States* (E.D. Mich. May 28, 2024), this Court again granted a HIPAA-qualified protective order, reiterating the established practice in this district of allowing medical discovery under a protective order that safeguards a plaintiff's privacy.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an Order:

(A) GRANTING this Motion for Protective Order;

(B) LIMITING the scope of medical records production to only those records generated on or after April 29, 2026, and pertaining directly to the diagnosis and treatment of injuries sustained in the incident at issue; and

(C) ENTERING the HIPAA-Qualified Protective Order submitted herewith.

Respectfully submitted,

/s/ Shannon Sherell Phillips
Shannon Sherell Phillips
Plaintiff, Pro Se
P.O. Box 970022
Ypsilanti, Michigan 48197

(734) 579-9540
Securedparty85@gmail.com

Dated: September 7, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on September 7, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record:

John A. Mullett (P49880)
Law Offices of Carol K. Metz
625 Kenmoor Ave, Ste 212
Grand Rapids, MI 49546
JMullett@travelers.com

/s/ Shannon Sherell Phillips
Shannon Sherell Phillips