**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SHANNON SHERELL PHILLIPS,**
Plaintiff,

v. Case No. 2:26-cv-12124-TGB-KGA
Hon. Terrance G. Berg

**BROWNSTOWN CHARTER TOWNSHIP,**
**OFFICER GAGE McPARLAND, Badge #171,**
in his individual capacity,
**OFFICER AGUSTIN AGUILAR, Badge #178,**
in his individual capacity,
**OFFICER BLAISE DUBOIS, Badge #145,**
in his individual capacity,
**SERGEANT JONATHAN SMITH, Badge #101,**
in his individual capacity,
**LIEUTENANT MICHAEL TOPJIAN, Badge #076,**
in his individual capacity,
**DEPUTY CHIEF ROBERT LAFAYETTE, Badge #102,**
in his individual capacity,
Defendants.

---

Shannon Sherell Phillips
Plaintiff, In Pro Per
P.O. Box 970022
Ypsilanti, MI 48197
(734) 579-9540
Securedparty85@gmail.com

John A. Mullett (P49880)
Law Offices of Carol K. Metz
Attorneys for Defendants
625 Kenmoor Avenue, SE, Ste. 212
Grand Rapids, MI 49546
Mailing Address:
P.O. Box 64093
St. Paul, MN 55164-0093
(616) 942-4227

# PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

NOW COMES Plaintiff Shannon Sherell Phillips, appearing pro se, and pursuant to Federal Rule of Civil Procedure 12(f), respectfully moves this Honorable Court to strike seven of Defendants' affirmative defenses contained in their Answer to Plaintiff's Second Amended Complaint (ECF No. 33, filed November 19, 2026) as immaterial, impertinent, and legally insufficient. In support of this Motion, Plaintiff states as follows:

## I. INTRODUCTION

This is a civil rights action brought under 42 U.S.C. § 1983 for violations of Plaintiff's Fourth and First Amendment rights, arising from an incident at the Brownstown Police Department on April 29, 2026, in which Defendant officers subjected Plaintiff to excessive force, false arrest, and retaliatory prosecution during a voluntary appearance for court-ordered fingerprinting. There was no motor-vehicle accident. There is no insurance policy at issue. The Michigan No-Fault Act has no application to this case.

On November 19, 2026, Defendants filed their Answer to Plaintiff's Second Amended Complaint (ECF No. 33), which includes sixteen affirmative defenses. Seven of those affirmative defenses—numbers 1, 6, 7, 8, 10, 12, and 14—are copied verbatim from an automobile insurance litigation template and have absolutely no relationship to the claims or defenses in this civil rights action. They reference "underinsured and uninsured benefits," "primary policy limits," the "Michigan No-Fault Act," "threshold injury," a "motor-vehicle accident," "comparative negligence" for an "underlying accident," and "compensable injury within the meaning of the No-Fault Act."

None of these concepts has any relevance to a § 1983 excessive force claim. There was no car accident. There is no insurance policy. The No-Fault Act does not apply. These defenses are immaterial, impertinent, and legally insufficient as a matter of law. They should be stricken.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of the rule is to "clean up the pleadings" and "avoid unnecessary forays into immaterial matters." *Abajian v. HMSHost Corp.*, No. CV 15-0610 PA (JPRx), 2015 WL 12862084, at *2 (C.D. Cal. Sept. 29, 2015).

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Brown v. Hurley*, No. CV 3:07-189, 2008 WL 906454, at *2 (M.D. Ga. Apr. 2, 2008). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question."* Id. *An affirmative defense is insufficient and subject to being stricken if, "as a matter of law, the defense cannot succeed under any circumstances."* Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*, 326 F. Supp. 3d 521, 529 (E.D. Mich. 2018).

**B. Sixth Circuit and Eastern District of Michigan Authority**

While motions to strike are "viewed with disfavor and are infrequently granted," *Dunson v. Credit Control, LLC*, No. 24-11462, 2025 WL 315867, at *1 (E.D. Mich. Jan. 23, 2025), courts in the Eastern District of Michigan have consistently granted motions to strike affirmative defenses that are legally irrelevant to the claims at issue. In* Clausen v. Burns and Wilcox, LTD*, the court held that "the motion to strike should be granted only when the affirmative defense is not relevant to the dispute and has no possible relation to the controversy." No. 23-10899, 2024 WL 4043573, at* 3 (E.D. Mich. Sept. 30, 2024) (quotation omitted).

Similarly, in *Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*, the Eastern District of Michigan struck affirmative defenses that were "spurious" and could not succeed as a matter of law. 326 F. Supp. 3d at 529. The *Webasto* court emphasized that "[a] motion to strike under Rule 12(f) is proper where it will eliminate spurious issues before trial and streamline the litigation." *Id*.

In *Bambach v. Moegle*, the Eastern District of Michigan struck an affirmative defense because it was "solely state law based on and not pertinent in this cause of action." No. 19-11999, 2020 WL 3051401, at *4 (E.D. Mich. May 29, 2020). That is precisely the situation here: the affirmative defenses at issue reference the Michigan No-Fault Act, automobile insurance policies, and motor-vehicle accident law—none of which has any pertinence to a § 1983 civil rights action.

The Sixth Circuit applies a "fair notice" standard to the pleading of affirmative defenses, requiring only that the defense "gives plaintiff fair notice of the nature of the defense." *Tomlin v. City of Eubanks*, No. 2:22-cv-00090, 2022 WL 16843125, at *2 (E.D. Ky. Nov. 4, 2022). However, this standard does not rescue affirmative defenses that are entirely inapplicable to the case. A defense referencing the Michigan No-Fault Act in a § 1983 excessive force case does not provide fair notice of any cognizable defense—it provides notice only that the defendant copied the wrong template.

The Court should grant this Motion because each of the seven challenged affirmative defenses is immaterial, impertinent, and legally insufficient. Each references concepts—automobile insurance, the No-Fault Act, motor-vehicle accidents, policy limits—that have no possible relation to the controversy in this civil rights action. Striking these defenses will streamline the litigation, eliminate spurious issues, and prevent Defendants from relying on defenses that cannot succeed under any circumstances.

## III. ARGUMENT

### A. Affirmative Defense #1 (Underinsured/Uninsured Benefits and Primary Policy Limits) Should Be Stricken

Defendants' First Affirmative Defense states: "Plaintiff's claims for underinsured and uninsured benefits are unripe where Plaintiff acknowledges that the underlying primary policy limit has not been surrendered nor exhausted."

This defense is immaterial and impertinent. Plaintiff has not asserted any claim for "underinsured and uninsured benefits." There is no "primary policy" at issue in this litigation. This is a § 1983 civil rights action for excessive force, false arrest, failure to intervene, assault and battery, false imprisonment, municipal liability, supervisory liability, and retaliatory prosecution. None of these claims involves insurance coverage or policy limits.

The language of this defense—"underinsured and uninsured benefits," "primary policy limit," "surrendered nor exhausted"—is drawn directly from Michigan automobile insurance law, specifically the framework governing claims for uninsured/underinsured motorist coverage under MCL 500.1131 and related provisions. These concepts have no relationship to a § 1983 claim. Plaintiff was not in a motor-vehicle accident. There is no insurance policy to exhaust. This defense cannot succeed under any circumstances and should be stricken.

### B. Affirmative Defense #6 (Collateral Source Set-Off) Should Be Stricken

Defendants' Sixth Affirmative Defense states: "These Defendants are entitled to a set off pursuant to the collateral source rule for reasons that may be discovered more thoroughly through the course of litigation."

The "collateral source rule" as applied in Michigan is a concept from tort litigation, particularly auto negligence and no-fault cases, that addresses the reduction of damages based on payments from other sources such as insurance. While a generic set-off defense might arguably apply in some civil rights cases, this defense as phrased references the "collateral source rule" specifically—a doctrine that originated in and is primarily associated with automobile insurance litigation in Michigan.

More fundamentally, this defense is so vague and conclusory that it fails to provide fair notice of any actual defense. It does not identify any collateral source, any specific payment, or any basis for set-off. It is a boilerplate phrase copied from an auto insurance template. In its current form, it is immaterial and impertinent to this civil rights action and should be stricken.

**C. Affirmative Defense #7 (Threshold Injury Under the Michigan No-Fault Act) Should Be Stricken**

Defendants' Seventh Affirmative Defense states: "Plaintiff did not suffer a threshold injury under the Michigan No-Fault Act and her lawsuit is, therefore, barred in its entirety."

This defense is entirely immaterial and impertinent. The Michigan No-Fault Act, MCL 500.3101 et seq., governs automobile insurance coverage. The "threshold injury" concept arises under MCL 500.3135(1), which limits tort liability for noneconomic damages in automobile accident cases to persons who suffer "serious impairment of body function." This concept has absolutely no application to a § 1983 civil rights claim.

Plaintiff's claims arise from a physical assault by police officers inside a police station—not from an automobile accident. The No-Fault Act's threshold injury requirement does not apply. This defense is a complete legal nullity in the context of this case. It cannot succeed under any circumstances. It should be stricken.

**D. Affirmative Defense #8 (Motor-Vehicle Accident) Should Be Stricken**

Defendants' Eighth Affirmative Defense states: "These Defendants will show upon trial of the above entitled action that Plaintiff's damages are barred in total, or at least in part, due to the fact that they are attributable to injuries and/or conditions occurring either before or after the subject motor-vehicle accident for reasons that may be discovered more thoroughly through the course of litigation."

This defense explicitly references a "motor-vehicle accident." There was no motor-vehicle accident in this case. Plaintiff went to a police station to be fingerprinted. She was assaulted by police officers inside the station. There is no vehicle involved in any aspect of this litigation.

The reference to "the subject motor-vehicle accident" is a clear indication that this defense was copied from an automobile negligence template without any review or modification. It is immaterial, impertinent, and cannot succeed under any circumstances. It should be stricken.

**E. Affirmative Defense #10 (Comparative Negligence for "Underlying Accident") Should Be Stricken**

Defendants' Tenth Affirmative Defense states: "Plaintiff was comparatively negligent, more than 50% at fault, or fully at fault for the underlying accident and any award must be reduced accordingly."

While comparative negligence can be a valid defense in some § 1983 cases, the specific language of this defense references "the underlying accident"—terminology used in automobile negligence litigation, not civil rights cases. This case does not involve an "accident" of any kind; it involves an intentional physical assault by police officers.

Furthermore, the defense as stated is legally insufficient because it does not identify any specific conduct by Plaintiff that would constitute comparative negligence. It simply asserts, in conclusory fashion, that Plaintiff was "more than 50% at fault, or fully at fault" without identifying any factual basis. This is the kind of boilerplate, template-driven language that courts in the Eastern District of Michigan have stricken as insufficient.

To the extent Defendants intend to assert a comparative fault defense based on Plaintiff's alleged failure to comply with orders, they may do so with properly tailored language that does not reference an "accident" and that provides fair notice of the specific factual basis. But the current defense, with its "underlying accident" language, is immaterial and impertinent. It should be stricken.

**F. Affirmative Defense #12 (Compensable Injury Under the No-Fault Act) Should Be Stricken**

Defendants' Twelfth Affirmative Defense states: "Plaintiff has not suffered a compensable injury within the meaning of the No-Fault Act and under current case law."

Like Affirmative Defense #7, this defense references the Michigan No-Fault Act. The No-Fault Act governs automobile insurance and has no application to a § 1983 civil rights claim. The concept of a "compensable injury within the meaning of the No-Fault Act" is entirely irrelevant to whether Plaintiff's constitutional rights were violated by the use of excessive force.

This defense is immaterial, impertinent, and legally insufficient. It cannot succeed under any circumstances because the No-Fault Act does not apply to this case. It should be stricken.

**G. Affirmative Defense #14 (Exhaustion of Primary Policy Limits) Should Be Stricken**

Defendants' Fourteenth Affirmative Defense states: "Plaintiff has not exhausted the limits of the primary policy pursued and Defendants cannot be liable for any damages until that has occurred."

This defense references exhaustion of "the limits of the primary policy pursued." This is language from automobile insurance litigation, specifically from cases involving claims against underinsured/uninsured motorist coverage where a plaintiff must exhaust the primary policy before pursuing additional coverage. There is no "primary policy" at issue in this § 1983 civil rights action.

This defense has no possible relation to the controversy. It is immaterial, impertinent, and legally insufficient. It should be stricken.

**H. The Remaining Affirmative Defenses Are Not Challenged in This Motion**

Plaintiff is not challenging Affirmative Defenses ##2, 3, 4, 5, 9, 11, 13, 15, or 16 in this Motion. Those defenses, while arguably vague, at least reference concepts that could potentially relate to this litigation (e.g., characterizations of video evidence, causation of injuries, mitigation, statute of limitations, intent, non-party liability, jurisdiction, and reservation of additional defenses). Plaintiff reserves the right to challenge those defenses at a later date if warranted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Shannon Sherell Phillips respectfully requests that this Honorable Court grant this Motion and strike Affirmative Defenses ##1, 6, 7, 8, 10, 12, and 14 from Defendants' Answer (ECF No. 33) as immaterial, impertinent, and legally insufficient under Federal Rule of Civil Procedure 12(f).

Respectfully submitted,

Dated: November 23, 2026

Shannon Sherell Phillips
Plaintiff, Pro Se
P.O. Box 970022
Ypsilanti, MI 48197
(734) 579-9540
Securedparty85@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2026, I served a true and correct copy of the foregoing Plaintiff's Motion to Strike Defendants' Affirmative Defenses upon the following counsel of record via U.S. Mail and/or electronic mail:

John A. Mullett (P49880)
Law Offices of Carol K. Metz
Attorneys for Defendants
625 Kenmoor Avenue, SE, Ste. 212
Grand Rapids, MI 49546
Mailing Address: P.O. Box 64093, St. Paul, MN 55164-0093
jmullett@travelers.com
Shannon Sherell Phillips
Plaintiff, Pro Se